UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRITTANY SHENDELL TOUSSAINT, Plaintiff | CIVIL ACTION NO. 1:16-CV-00716 |
| VERSUS | CHIEF JUDGE DRELL |
| SHOE CARNIVAL, INC., ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 16) filed by Plaintiff, Brittany Shendell Toussaint ("Toussaint"). Toussaint maintains that the joinder of Defendant Fuselier's Janitorial Services and Supplies, Inc. ("Fuselier's") in the First Amended Complaint (Doc. 12) destroys diversity and necessitates remand. Defendants Shoe Carnival, Inc. ("Shoe Carnival), and Sentry Insurance a Mutual Company ("Sentry") agree. The Court agrees as well.

I.  Background

Toussaint filed this lawsuit in the Ninth Judicial District Court in Rapides Parish. Toussaint alleges that she and her minor daughter were injured when she tripped and fell on an extension cord in a Shoe Carnival store in Alexandria, Louisiana.

Toussaint originally named Shoe Carnival (an Indiana corporation) and its insurer Sentry (a Wisconsin corporation) as defendants. Toussaint and her daughter are both residents of Natchitoches Parish, Louisiana.

1

Shoe Carnival and Sentry removed on the basis of diversity jurisdiction (Doc. 1). One month later, Toussaint filed her First Amended Complaint (Doc. 12) naming two additional defendants: Custom Services USA Corp. ("Custom"), a Georgia corporation, and Fuselier's, a Louisiana corporation. (Id., pp. 1-2). Toussaint maintains that Shoe Carnival and Sentry identified Custom and Fuselier's as potentially liable parties in its answer to Toussaint's original Petition. Accordingly, Toussaint argues the joinder of Custom and Fuselier's was both necessary and dispositive of the issue of diversity jurisdiction.

II. Law and Analysis

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

In deciding whether to permit joinder, courts should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

In this case, Toussaint's amendment was prompted, at least in part, by the Answer and Exceptions filed by Shoe Carnival and Sentry before removal. (Doc. 8-4, pp. 15-16). In their Answer and Exceptions, Shoe Carnival and Sentry identified Custom and Fuselier's as third parties whose fault may have caused or contributed to Toussaint's fall. (Id.). Thus, Toussaint seeks to join Fuselier's to ensure that all potentially liable parties are present in the lawsuit, not to defeat federal jurisdiction.

Further, Toussaint amended approximately one month after removal. Although not immediate, Toussaint's proposed amendment was not dilatory. If Toussaint were not allowed to proceed against Custom and Fuselier's, her chances of obtaining full and complete recovery may be compromised. And Shoe Carnival and Sentry do not oppose remand, meaning equity favors Toussaint's request.

III. Conclusion

Because all pertinent factors indicate that remand is warranted, and because Shoe Carnival and Sentry do not oppose Toussaint's Motion,

IT IS HEREBY RECOMMENDED that the Motion to Remand (Doc. 16) filed by Plaintiff, Brittany Shendell Toussaint ("Toussaint") be GRANTED, and that this

lawsuit be REMANDED to the Ninth Judicial District Court in Rapides Parish, Louisiana, for further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___20th___ day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge